LOEBER, Respondent, v. BUTTE GENERAL ELEC-
TRIC COMPANY, Appellant.

[Submitted April 1, 1895. Decided April 8, 1895.]

Townsite Act—*Title of lotowner.*—An original claimant of a lot in a townsite, entered according to the act of Congress of March 2, 1867 and the territorial laws of Montana in relation thereto, is not the owner in fee of the street or alley upon which his lot abuts, and has only an easement therein. (*Hershfield* v. *Rocky Mt. Bell Tel. Co.*, 12 Mont. 102, cited.)

Electric Light Company—*Erection of poles in street.*—A pole used for electric light purposes is within an urban servitude, where it appears that the pole in question is intended to serve public interests.

Same—*Same—Injunction.*—The defendant, an electric light company, under contract with a city to light the streets and public buildings of the city, erected one of its poles about the middle of a sidewalk in an alley, the rear entrance to the plaintiff's saloon being about twenty feet distant from the pole. By an ordinance of the city council the defendant was required to erect new poles throughout the city, and only on one side of the street, and by reason of this requirement the use of the alley for the erection of poles was rendered necessary. It was shown that there was no serious inter-

ference with the air or light to the plaintiff's property, or access thereto, from the location of the pole complained of. *Held*, that there was no unreasonable use of the streets by the city, and no substantial interference with any of the rights of the plaintiff, against which a court of equity would interfere by injunction.

*Appeal from Second Judicial District, Silver Bow County.*

INJUNCTION.   Judgment was rendered for the plaintiff below by SPEER, J.   Reversed.

Statement of the case by the justice delivering the opinion.

Injunction.   The plaintiff is the owner of lots 13 and 14, in block 38, in the city of Butte.   These lots are occupied by a meat market and saloon.   The property abuts upon Broadway and an alley running through said block.   Plaintiff, in his complaint, says that he is the owner of a sidewalk in the rear of the brewery saloon in the alley; that the defendant, on May 26, 1893, without his consent, commenced to tear up the sidewalk at the corner of his said premises, and to dig thereat, and to erect a pole, and to place electric wires thereon, all of which would interfere with the travel upon said street, and retard the free use thereof and of the alley, and injure the premises, and endanger the property of plaintiff and the lives of the citizens.   The defendant admits the ownership of the lots, but denies all the allegations of the complaint, and pleads that it conducts a general electric light business in Butte; that by an ordinance of the city it was required to erect new poles throughout the city, and only on one side of the street; that on East Broadway it could only erect poles on the north side, while the premises of plaintiff were on the south side; the defendant is under contract with the city of Butte to light the streets and public buildings of the city, and is the only contractor for such purpose; that to comply with the city ordinance and said contract the electric light wires had to be carried from the poles on the north side of Broadway through the alley in the rear of plaintiff's lots because defendant was not permitted to set poles on the south side of the street; that said alley had to be used to relieve the main street of too many wires; that

the city engineer gave the defendant permission to set three poles in said alley, and the pole in the rear of plaintiff's premises was one of the three; that said pole was not set on any premises belonging to plaintiff, but was set in the alley; and that it could not be in any other place without great inconvenience, damage and disregard to the public and private welfare.

There was a supplemental answer filed, in which the defendant set forth that since the institution of the suit the plaintiff petitioned the city council to have the pole objected to removed, and the city refused to grant the request. No replication was filed.

The cause was heard by the court. The evidence disclosed the following facts: The pole in question stands in the alley in the rear of the California Brewery, a half foot east of the line of the lots owned by plaintiff, and about an equal distance south of the line of Broadway. Its position was about in the middle of a sidewalk 3 feet wide, in the alley; the rear entrance to plaintiff's property being about 20 feet distant from the pole. The side entrances are 30 and 60 feet distant. The alley is 16 feet wide. Directly opposite the rear of the premises of plaintiff stands the city hall, a three story brick building, with an areaway from the basement thereof projecting into the alley. The areaway connected with the city hall prevented the pole from being placed on the opposite side of the alley from plaintiff's property. The city ordinances of Butte prevented the defendant from erecting poles on the south side of Broadway, because the telephone poles were on that side, and only one line of poles is permitted on each side of a street. The pole is necessary where it is in order to light the streets, and to relieve the main street of too many wires. The pole could not be placed further down in the alley, because wires from across the street would strike the city hall, and become dangerous, and because such a position would bring the poles closer together than 90 feet, which is prevented by ordinance. The defendant says that the pole would have been sunk six

feet in the ground but for the injunction, and, if it had been placed as contemplated, it would not have touched the plaintiff's building.

The court made the injunction permanent, and in the order used the following words: "* * * It appearing to the satisfaction of the said court that the said electric light pole referred to in said application is now situate and in process of erection and construction upon the premises of said plaintiff, and that, if the said pole be allowed to remain and be constructed and erected upon the said premises, it will endanger said premises and the passers-by," etc., "therefore, it is hereby ordered, adjudged and decreed that you, the said defendants, are restrained and enjoined from erecting * * * any pole or poles for the purpose of carrying or containing any wires or electric wires * * * for any other purpose whatsoever, or in any manner interfering with or endangering or damaging or injuring said property or business of said plaintiff, or of passers-by, and from obstructing or interfering with the free passage of the general public in and to or upon or about the said premises and property described in the said complaint, and belonging to the said plaintiff, or the sidewalk or entrances thereupon or surrounding the same."

*Forbis & Forbis,* for Appellant.

Electric light poles and wires are classed with gas pipes, and it seems to be clear that the rights of the abutting owner must be the same with respect to one or the other. (Keasbey on Electric Wires, § 1, page 86.) The use of the streets, under municipal sanction, for laying pipes for gas or erecting posts for carrying electric wires for supplying the city and its inhabitants with light is a legitimate use of the street for which the abutting owner is not entitled to compensation. (Keasbey on Electric Wires, § 1, page 86; § 2, page 87; § 18, page 83; Dillon on Municipal Corporations, 4th Ed., § 691, note; Lewis on Em. Dom., § 130.) Wherever there is a local government the local authorities have power to provide for light-

ing the streets, and either to lay down gas pipes or set up poles with electric wires for that purpose, without compensation to the abutting owner. (Keasbey on Electric Wires, § 4 and § 5, page 89; Lewis on Em. Dom., § 129; Dillon Mun. Corp. 691; *Johnson* v. *Thompson-Houston Co.*, 7 N. Y. Supp., 716; *Electric Const. Co.* v. *Hefferman*, 12 N. Y. Supp. 336.) When the highway is vested in the public, poles may be erected by grant of municipal authority, without regard to adjacent owners. (*Pacific Postal, etc., Co.* v. *Irvine*, 49 Fed. Rep., 113; Keasbey on Electric Wires, § 22, page 24; *McCormick* v. *District of Columbia*, 4 Mackey 396; 54 Am. Reps., 284; Pierce v. Drew, 136 Mass., 75, and courts of equity will not enjoin. (Keasbey on Electric Wires, page 70.)

HUNT, J.—By the admission of plaintiff, lots 13 and 14 were included in the townsite of Butte originally filed in the office of the county clerk and recorder of Deer Lodge county, Mont. It was also admitted that the townsite was entered for patent, and patented to the probate judge of Deer Lodge county, Mont., in 1877, under provision of the act of congress entitled "An act for the relief of the inhabitants of cities and towns upon the public lands," approved March 2, 1867, and the acts of the legislative assembly of the territory of Montana, January 12, 1872, and July 22, 1879. It was further admitted that the townsite was surveyed, and that the alley in question in this action, and lying east of the lots upon which were situated plaintiff's buildings, was embraced and included in the original plat of the townsite, and that the said alley has always been used as a public alley, and that the plaintiff derived title of the lots through the probate judge under the patent of said townsite, and according to the plat thereof. The fee in the alley was therefore originally in the United States. The United States granted it to the trustee of the townsite. The trustee was required by law to see that a survey of the plat was made and filed in the proper office, showing the blocks, lots, streets and alleys. The streets and alleys therefore became dedicated to the public use before the con-

veyance of the lots to plaintiff or his predecessors. (*Hersh-field* v. *Rocky Mountain Bell Telephone Co.*, 12 Mont. 102.)

The plaintiff, therefore, is not the owner in fee of the alley in which the defendant erected its poles. Nor can he complain in this action, if the city of Butte had the power to permit the defendant to erect electric light poles wherewith to light the city, unless by erecting such poles an additional or unusual servitude was imposed upon the easement granted by the city. But we think that a pole used for electric light purposes is within an urban servitude where it appears that the pole in question is intended to serve public interests. (Rand. Em. Dom. § 401; Keasbey, Electric Wires, § 91; *McCormick* v. *District of Columbia*, 54 Am. Rep. 284.)

In considering the use of streets where electric railroad poles are erected,—and a use for electric light poles should be similarly regarded,—the courts sustain, generally, the principle recognized in *Hershfield* v. *Rocky Mountain Bell Telephone Co.*, *supra*, that "any use of a street which is limited to an exercise of the right of public passage, and which is confined to the mere use of the public easement, whether it be by old methods or new, and which does not tend in any substantial respect to destroy the street as a means of free passage, common to all the people, is perfectly legitimate." By such uses the rights of the abutting owners are not invaded. It is simply a user of a right already vested in the public. (*Halsey* v. *Rapid Transit St. Ry. Co.*, 47 N. J. Eq. 380, 20 Atl. 859; *Gay* v. *Telegraph Co.*, 12 Mo. App. 485.)

We fail to see how a pole 12 or 15 inches in diameter, 20 feet distant from the doorway, can impede free ingress to the rear entrance of plaintiff's beer hall.

The power to light the streets of the city of Butte has been delegated to the municipality by the legislature. (Comp. St. Mont. page 674.) By ordinance of the city council the defendant was authorized to erect poles throughout the city, and on one side of the street only. Under the authority and permission of the city the defendant, therefore, properly erected,

or was about to erect, the particular pole complained of, in the alley in the rear of plaintiff's lots.

The testimony establishes the fact that there is no serious interference with the air or light to plaintiff's property, or access thereto. The use of the street for the contemplated purpose is in no wise repugnant to the general use to which streets of cities may be appropriately put in yielding to the necessities for the convenience and comfort of the inhabitants thereof. (*Tuttle* v. *Brush Electric Illuminating Co.*, 50 N. Y. Super. Ct. Rep. 464; *Hershfield* v. *Rocky Mountain Bell Telephone Co.*, *supra.*)

The pole was being erected at the most convenient and suitab.e place. It was necessary to the successful conduct of the defendant's business in lighting the streets of the city. Considering all these facts, the plaintiff cannot complain. (*Johnson* v. *Thompson-Houston Electric Co.* (Sup.) 7 N. Y. Supp. 716; Keasbey, Electric Wires, § 89; *Electric Construction Co.* v. *Heffernan* (Sup.) 12 N. Y. Supp. 336; Lewis, Em. Dom. § 130.)

From all the evidence, and the pleadings, and the principles of law applicable thereto, we are of opinion that there was no unreasonable use of the streets by the city, and no substantial interference with any of the rights of plaintiff. A court of equity will not, therefore, interfere.

The judgment of the district court is reversed, and the cause remanded, with direction to dissolve the injunction heretofore granted.

*Reversed.*

DE WITT, J., concurs.